UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIANCE CATHOLIC CREDIT UNION
and ASTERA CREDIT UNION,

       Plaintiffs,                      No. 13-10077

v.

                                     Magistrate Judge R. Steven Whalen

ALLIED SOLUTIONS, LLC, ET AL.,

       Defendants.
_____/

**OPINION AND ORDER**

      Before the Court is Plaintiffs' Motion to Strike the Answer and for Entry of Default and Default Judgment Against Defendant Capital Lending Strategies, LLC [Doc. #80]. The motion will be GRANTED IN PART AND DENIED (WITHOUT PREJUDICE) IN PART.

      In its amended complaint [Doc. #31] Plaintiff Alliance Catholic Credit Union ("Alliance") brings claims of fraud (including silent fraud), innocent misrepresentation, negligent misrepresentation, breach of contract, breach of joint venture fiduciary and disclosure duties, and conspiracy, arising out of a series of loan transactions "designed, packaged and presented by the defendants to the plaintiffs under the auspices of [Defendant Allied Solutions, LLC's] so-called 'Premium Finance Loan' program." *Id*. ¶

-1-

10. On October 7, 2014, I granted a motion to withdraw as counsel by the attorneys for Defendant Capital Lending Strategies, LLC ("CLS")[Doc. #74]. In so doing, I ordered CLS to obtain new counsel within 30 days. To date, it has not done so. When it had counsel, CLC filed an answer to the amended complaint on July 12, 2013 [Doc. #39].

Defendant CLC is a Texas Limited Liability Company. As I indicated in my previous order, at p. 5, fn. 2, "[a] corporation must appear through counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). *See also Gerber v. Riordan,* 649 F.3d 514, 516 (6th Cir. 2011), quoting *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166, fn.1 (D.C. Cir. 1990)("a corporation...[may] not appear pro se."). Citing *Gerber*, the Plaintiffs argue that the remedy is to strike CLC's answer and enter a default and judgment by default. They seek combined damages, cost, and attorney fees of between 9 million and 10 million dollars.

Defendant CLC is alleged to be jointly liable with the other Defendants. This brings into play the ancient and venerable rule set forth in *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552 (1872), where the Supreme Court held:

> "The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against

all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."

Courts, including the Sixth Circuit, continue to follow *Frow* in cases where one of several joint defendants is in default. *See Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, *2 (6th Cir. 1988)(unpublished)("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants"); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005)("'[a]s a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted'")(quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (3d ed.1998)).

It is appropriate to apply *Frow* to this case, striking CLC's answer, ordering the Clerk to enter a default under Fed.R.Civ.P. 55(a), but reserving the issue of a default judgment under Fed.R.Civ.P. 55(b) until the merits of the case are resolved as to the remaining Defendants.

IT IS THEREFORE ORDERED that Defendant CLC's answer to the amended complaint [Doc. #39] is STRICKEN.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter a default against Defendant Capital Lending Strategies, LLC, pursuant to Fed.R.Civ.P. 55(a).

IT IS FURTHER ORDERED that the Plaintiffs' motion for default judgment under Fed.R.Civ.P. 55(b) is DENIED WITHOUT PREJUDICE.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date: March 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 21, 2016, electronically and/or by U.S. mail.

s/C. Ciesla<br>
Case Manager