UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIANCE CATHOLIC CREDIT UNION
and ASTERA CREDIT UNION,

      Plaintiffs,                    No. 13-10077

v.

                                 Magistrate Judge R. Steven Whalen

ALLIED SOLUTIONS, LLC, ET AL.,

      Defendants.

                             /

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Capital Lending Strategies, LLC on Counts I, II, III, IV, V, VI, and IX [Doc. #114].

On March 21, 2016, the Court entered an Opinion and Order striking the answer of Defendant Capital Lending Strategies, LLC ("CLS"), directing the Clerk of the Court to enter a default against Defendant CLS pursuant to Fed.R.Civ.P. 55(a), and denying Plaintiffs' motion for default judgment under Fed.R.Civ.P. 55(b) without prejudice [Doc. #101]. The basis of the denial of a default judgment against CLS without prejudice was the application of *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552 (1872), and its progeny, which cautioned against granting a default judgment against one party in a multi-party action until the remaining defendants were tried on the merits. *See Kimberly*

-1-

*v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, *2 (6th Cir. 1988)(unpublished) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants"); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005)("'[a]s a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted'")(quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (3d ed.1998)).

In the present motion, Plaintiffs state that they have entered into a settlement agreement with Defendants Allied Solutions and Peter Hilger, and that the only remaining Defendants are O'Malley & Associates and CLS. They state that they are voluntarily dismissing Count VII of the amended complaint (conspiracy), and that the remaining Counts against CLS do require a finding of joint liability with the other remaining Defendant, O'Malley & Associates. Thus, Plaintiffs argue, there is no possibility of inconsistent rulings, and there is no "just reason for delay." Fed.R.Civ.P. 54(b).

Plaintiffs may be correct that the risk of inconsistent judgments might be eliminated in terms of liability. However, that risk remains in terms of damages. Indeed, the Court's assessment of damages in the entry of a default judgment against CLS may have a preclusive effect on the issue of O'Malley's damages. While Plaintiffs have

submitted the affidavits of Martin Carter, CEO of Astera Credit Union, and Daniel C. Davidson II, CFO of Alliance Catholic Credit Union, as to the amount of damages, those amounts are not immune from factual challenge by O'Malley. Apart from the issue of preclusion, granting a default judgment against CLS in the specific amount requested could lead to inconsistent findings vis-a-vis O'Malley. This case is therefore distinguishable from *Colony National Insurance Co. v. Control Building Services, Inc.*, 2015 WL 7296034 (D. NJ. 2015), cited by Plaintiffs, where the Court determined that *as to damages*, entering judgment against the defaulting party would not lead to an inconsistent ruling with regard to the other parties.

There are therefore reasons for delaying a default judgment against CLS until the case against O'Malley is resolved. Fed.R.Civ.P. 54(b). Accordingly, Plaintiffs' present motion for default judgment [Doc. #114] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 26, 2018

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on March 26, 2018, electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager to the
                                      Honorable R. Steven Whalen